UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

KENNETH MAURICE SUTTON,

          Plaintiff,

    v.

RONALD HAYNES, et al.,

          Defendants.

CASE NO. 3:21-CV-5595-DGE-DWC

REPORT AND RECOMMENDATION

Noting Date: December 31, 2021

The District Court referred this action to United States Magistrate Judge David W. Christel. Plaintiff Kenneth Maurice Sutton, proceeding *pro se* and *in forma pauperis*, filed this civil rights complaint under 42 U.S.C. § 1983. Having reviewed and screened Plaintiff's Amended Complaint under 28 U.S.C. §1915A, the Court finds Plaintiff has failed to state a claim upon which relief can be granted. As Plaintiff has previously been given leave to amend, the Court recommends the Amended Complaint be dismissed without prejudice and this case be closed.

1
## I.      Background

2      In the Amended Complaint, Plaintiff, an inmate housed at the Stafford Creek Corrections

3   Center ("SCCC"), alleges alleges Defendants Washington State Department of Corrections;

4   Ronald Haynes, Superintendent at SCCC; Sara Kariko, Chief Medical Officer, M.D./Health Care

5   Manager at SCCC; Ryan Herrington, Facility Medical Director at SCCC; and Ron Attard, Food

6   Services Manager (FSM) at SCCC, violated his Eighth and Fourteenth Amendment rights by

7   exposing him to Covid-19. Dkt. 10. Specifically, Plaintiff alleges he was

8
9
10
> exposed daily during this well known pandemic, by staff and inmates who tested positive
> since March 2020 to present, and defendants have unreasonably threatened Plaintiff's life,
> health, and safety, through this 18+ months exposure in a confined environment, because
> of the defendant's reckless and inadequate measures employed at SCCC to control the
> spread of COVID-19 virus, denying plaintiff to physically distance himself from others, or
> self-quarantine.

11   *Id*. at 3-4. Plaintiff alleges he was denied "proper and adequate safety protocols and care at

12   SCCC" and that Defendants "failed to effectively test all incoming staff[.]" *Id*. at 4. Plaintiff

13   alleges Defendants "intentionally delayed for at least 8 months, to start testing the inmate

14   population, until approximately early December 2020." *Id*. He alleges Defendants were "reckless

15   for not developing adequate infection tracking/surveillance, testing, and isolation/quarantine

16   protocols in a timely manner[.]" *Id.* Plaintiff also alleges Defendant Attard contracted COVID-19

17   and became a carrier of the virus and "knew or should have known, of the excessive risk he

18   posed to plaintiff." *Id.* at 3.

19      Finally, Plaintiff alleges Defendants have "developed a policy and procedure at SCCC

20   which effectively deprives the plaintiff to: (a) timely medical care and treatment, (b) falsely

21   reporting, as an agency of DOC, that they are in compliance with COVID-19 avoidance

22   procedures; (c) [n]egating the administrative process to file emergency request for relief." *Id*. at

23   6-7.

24

REPORT AND RECOMMENDATION - 2

As relief, Plaintiff asks the Court to order Defendants "to identify [plaintiff's] health needs in total within 48 hours to evaluate him for possible home confinement," and monetary damages of up to $1,000,000.00. *Id.* at 7.

On September 23, 2021, the Court granted Plaintiff's Application to Proceed *In Forma Pauperis* ("IFP"). Dkt. 5. On the same date, the Court issued an Order to File Amended Complaint declining to serve Plaintiff's Complaint and directing him to file an amended complaint correcting certain specified deficiencies identified in the Complaint. Dkt. 7. On October 15, 2021, Plaintiff filed a Motion to Voluntarily Withdraw Civil Complaint, wherein he sought to voluntarily dismiss his Complaint without prejudice and without paying the filing fee. Dkt. 8. The Court notified Plaintiff that he remained obligated to pay the filing fee whether he proceeded with this lawsuit or not and directed Plaintiff to file an amended complaint if he wished to proceed. Dkt. 9. On December 1, 2021, Plaintiff filed an Amended Complaint. Dkt. 10.

## II.    Discussion

Under the Prison Litigation Reform Act of 1995, the Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must "dismiss the complaint, or any portion of the complaint, if the complaint: (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.* at (b); 28 U.S.C. § 1915(e)(2); *see Barren v. Harrington*, 152 F.3d 1193 (9th Cir. 1998).

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must show: (1) he suffered a violation of rights protected by the Constitution or created by federal statute, and (2) the

1  violation was proximately caused by a person acting under color of state law. *See Crumpton v.*

2  *Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). The first step in a § 1983 claim is therefore to

3  identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271

4  (1994). To satisfy the second prong, a plaintiff must allege facts showing how individually

5  named defendants caused, or personally participated in causing, the harm alleged in the

6  complaint. *See Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988); *Arnold v. IBM*, 637 F.2d 1350,

7  1355 (9th Cir. 1981).

8  　　　In the Amended Complaint, Plaintiff contends he is being exposed to a serious risk of harm

9  in violation of his constitutional rights. The Constitution does not mandate comfortable prisons,

10  but neither does it permit inhumane prisons. *Farmer v. Brennan*, 511 U.S. 825, 832 (1970).

11  Under the Eighth Amendment, prison officials are required to provide prisoners with basic life

12  necessities, such as food, clothing, shelter, sanitation, medical care, and personal safety. *Id.*;

13  *Toussaint v. McCarthy*, 801 F.3d 1080, 1107 (9th Cir. 1986). To state a claim for

14  unconstitutional conditions of confinement, a plaintiff must allege a defendant's acts or

15  omissions deprived the inmate of "the minimal civilized measure of life's necessities" and the

16  defendant acted with deliberate indifference to an excessive risk to inmate health or safety. *Allen*

17  *v. Sakai,* 48 F.3d 1082, 1087 (9th Cir. 1994) (quoting *Farmer,* 511 U.S. at 834); *see Estate of*

18  *Ford v. Ramirez—Palmer,* 301 F.3d 1043, 1049–50 (9th Cir. 2002). A prison official does not

19  act with deliberate indifference "unless the official knows of and disregards an excessive risk to

20  inmate health or safety; the official must both be aware of facts from which the inference could

21  be drawn that a substantial risk of serious harm exists, and he must also draw the inference."

22  *Farmer,* 511 U.S. at 837.

23

24

The Court recognizes that prison officials have a duty to protect inmates from serious communicable diseases. *Helling v. McKinney*, 509 U.S. at 33 (finding prison officials may not "be deliberately indifferent to the exposure of inmates to a serious, communicable disease"). However, Plaintiff must do more than provide generalized allegations that Defendants did not sufficiently control Covid-19. In the Amended Complaint, Plaintiff generally alleges Defendants' actions violated his rights and resulted in exposure to Covid-19. Dkt. 10. Plaintiff does not allege any particularized wrongdoing or specific action by any Defendant suggesting that they acted with deliberate indifference to a serious risk of harm.

It appears that Plaintiff may be seeking to have several Defendants held liable in this action based solely on their supervisory responsibility or position. This is impermissible in an action brought under § 1983. *Monell v. Department of Social Servs., of City of New York*, 436 U.S. 658, 691–94 (1978). A supervisory defendant may be held liable only if they "participated in or directed the violations, or knew of the violations and failed to act to prevent them," *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989), or if the official implemented "a policy so deficient that the policy itself is a repudiation of the constitutional rights and is the moving force of the constitutional violation." *Redman v. Cty. of San Diego*, 942 F.2d 1435, 1446 (9th Cir. 1991) (citations and quotations marks omitted), *abrogated on other grounds by Farmer v. Brennan*, 511 U.S. 825 (1970). The plaintiff "must ... demonstrate that his deprivation resulted from an official policy or custom established by a ... policymaker possessed with final authority to establish that policy." *Waggy v. Spokane County Washington*, 594 F.3d 707, 713 (9th Cir. 2010).

Here, Plaintiff's allegations against Defendants do not include sufficient factual assertions regarding their involvement or authority in creating or implementing the policies of which Plaintiff complains. In the first instance, it is unclear exactly what policy or policies or acts or omissions of Defendants Plaintiff is challenging. As noted above, Plaintiff's Amended

Complaint largely raises generalized, conclusory allegations that Defendants have not done

enough to control the spread of COVID-19. This is not sufficient to state a claim under the

Eighth Amendment. *See Burgess v. Newsom*, 2021 WL 4061611 (E.D. Cal. Sept. 7, 2021)

(stating that "generalized allegations the warden has not done enough to control the spread" of

COVID-19, are insufficient to state a cognizable Eighth Amendment claim). Plaintiff also

generally alleges that he was "denied to physically distance" or "self-quarantine," and that

Defendants have developed policies and procedures depriving him of "timely medical care and

treatment," "falsely reporting" being in compliance with COVID-19 avoidance procedures, and

"negating the administrative process to file emergency request[s] for relief. Dkt. 10. But again,

Plaintiff provides no specific facts regarding when or how these violations allegedly occurred,

what policies he is referring to or how they deprived him of his rights, or linking any specific

Defendant to the alleged violations.

The only slightly more specific allegation Plaintiff raises in his Amended Complaint

appears to relate to the failure to "effectively test all incoming staff" and the failure to implement

testing of inmates until December 2020. *See id*. However, Plaintiff fails to identify the Defendant

or Defendants who possessed final authority to establish policies related to testing, nor does he

allege any facts to support or explain the conclusory allegation that Defendants failed to

"effectively test" incoming staff. It is also unclear whether Plaintiff is alleging Defendants failed

to test inmates at all until December 2020 (which would appear to conflict with his allegation

that he was exposed daily to inmates who had tested positive since March 2020), or whether he

intends to challenge a failure to implement more widespread testing. Finally, Plaintiff fails to

allege facts demonstrating that the allegedly deficient policies, or the failure to implement

policies, placed him at serious risk of harm and that the Defendant or Defendants with authority

to establish such policies knew that the existing policies, or the failure to implement the policies or procedures, placed Plaintiff at serious risk of harm.

As to the risk of harm, Plaintiff does not allege that he himself contracted COVID-19, he only alleges generally that he was exposed to staff and inmates who had COVID-19 without identifying who those staff or inmates were or when or how he was exposed. The only specific individual Plaintiff identifies as testing positive for COVID-19 is Defendant Attard. But Plaintiff does not allege any facts to indicate he was ever exposed to Defendant Attard when he had COVID-19 nor does he allege what, specifically, Defendant Attard did that demonstrates he knew of and took actions in deliberate indifference to a serious risk of harm to Plaintiff.

In sum, there are insufficient factual allegations to demonstrate that any specific Defendant knew of and took actions in deliberate indifference to a serious risk of harm faced by Plaintiff. Therefore, Plaintiff has failed to state a claim upon which relief can be granted. *See Jones v. Community Development Agency*, 733 F.2d 646, 649 (9th Cir. 1984) (vague and mere conclusory allegations unsupported by facts are not sufficient to state section 1983 claims); *Burgess*, 2021 WL 4061611 (E.D. Cal. Sept. 7, 2021) (finding a prisoner plaintiff failed to state a claim where the plaintiff did not allege specific wrongdoing related to COVID-19 exposure).

### III.    Leave to Amend

The Ninth Circuit has "established that a pro se litigant bringing a civil rights suit must have an opportunity to amend the complaint to overcome deficiencies unless it is clear that they cannot be overcome by amendment." *Eldridge v. Block*, 832 F.2d 1132, 1135-36 (9th Cir. 1987). Plaintiff has been allowed to amend his Complaint and the Court instructed Plaintiff regarding the deficiencies of his Complaint. *See* Dkt. 6, 7. The deficiencies identified in the Complaint are still present in the Amended Complaint. *See* Dkt. 10. In fact, the Amended Complaint is nearly

1    identical to the Complaint. Plaintiff only made slight changes to the Amended Complaint, such

2    as changing references to negligent conduct to the words "reckless," "intentionally" or

3    "indifference." *See id*. at 4-6.

4        The Court finds Plaintiff has failed to allege facts sufficient to show Defendants are liable

5    under § 1983. As Plaintiff has been given leave to amend and failed to cure the deficiencies of

6    his claims, the Court recommends Plaintiff not be given additional leave to amend. *See*

7    *Swearington v. California Dep't of Corr. & Rehab.*, 624 F. App'x 956, 959 (9th Cir. 2015)

8    (finding the district court did not abuse its discretion in dismissing without leave to amend

9    because the plaintiff did not cure the complaint's deficiencies despite the district court's specific

10   instructions about how to do so); *see also Fid. Fin. Corp. v. Fed. Home Loan Bank of San*

11   *Francisco,* 792 F.2d 1432, 1438 (9th Cir.1986) ("The district court's discretion to deny leave to

12   amend is particularly broad where the court has already given the plaintiff an opportunity to

13   amend his complaint.").

14       **IV.    Conclusion**

15       For the above stated reasons, the undersigned recommends Plaintiff's Amended Complaint

16   be dismissed without prejudice for failure to state a claim. Further, as Plaintiff filed the Amended

17   Complaint, the Court recommends Plaintiff's Motion to Voluntarily Withdraw (Dkt. 8) be

18   denied.

19       Plaintiff has failed to state a claim upon which relief can be granted. Therefore, the Court

20   recommends this dismissal count as a strike. *See* 28 U.S.C. § 1915(g).

21       Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have

22   fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P.

23   6. Failure to file objections will result in a waiver of those objections for purposes of *de novo*

24

1    review by the district judge. *See* 28 U.S.C. § 636(b)(1)(C). Accommodating the time limit

2    imposed by Fed. R. Civ. P. 72(b), the clerk is directed to set the matter for consideration on

3    December 31, 2021, as noted in the caption.

4         Dated this 10th day of December, 2021.

5

6    _____
     David W. Christel

7    United States Magistrate Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24